UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE COMBS, | No. 2:24-cv-2576 AC P |
| Plaintiff, | |
| v. | ORDER |
| F. NAVARRO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding without counsel, brought this civil action. On May 27, 2025, this action was voluntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 18. This case is closed. Plaintiff has filed a post-dismissal request and a notice. ECF Nos. 19, 21.

I. Request for an Order Correcting the Filing Fees (ECF No. 19)

Plaintiff has filed a request for an order directing the California Department of Corrections and Rehabilitation ("CDCR") to comply with this court's order directing monthly payments for the filing fee in this case. ECF No. 19. Plaintiff complains CDCR is charging his account twice for the $350.00 filing fee in this case and charging his account forty percent to collect $700.00. Id. at 1. Attached is a copy of plaintiff's inmate trust account statement showing this case, 2:24-cv-2576 AC, listed twice for an original balance of $350.00 and with two withdrawals each in the amount of $10 for the month of May 2025. Id. at 3.

Defendants filed a response arguing that the court lacks jurisdiction to entertain plaintiff's request because the case was dismissed under Federal Rule 41(a)(1) and the court did not retain jurisdiction over filing fee disputes.  ECF No. 20.  These arguments suggest defendants misunderstand (1) plaintiff's request, (2) the requirements under 28 U.S.C. § 1915(b), and (3) the court's ancillary jurisdiction post-dismissal.

First, plaintiff's request does not seek any action against *defendants*, nor does it seek to impose any terms or conditions on the dismissal of this case.  As noted above, plaintiff's request regarding the collection of the filing fee in this case seeks a court order directing CDCR—the agency having custody over plaintiff (not defendants)—to comply with this court's payment order and 28 U.S.C. § 1915(b).  The payment order for the filing fees, which was issued *prior* to the settlement in this case, is not an attempt by plaintiff or this court to impose any terms or conditions on the dismissal of this case, which as defendants point out, has already been dismissed.  Accordingly, defendants' arguments and citations are misplaced.

Second, pursuant to 28 U.S.C. § 1915(b), this court issued an order requiring CDCR to "collect from plaintiff's prison trust account an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1), and to "collect from plaintiff's prison trust account monthly payments in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and forward payments to the Clerk of the Court each time the amount exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2)."  See ECF No. 7.  Neither the statute nor the court's order state that CDCR is absolved from its obligation if the case is voluntarily dismissed.  To the contrary, the statute states that when in forma pauperis status is granted in a case, "[t]he agency having custody of the prisoner shall forward payments . . . until the filing fees are paid."  28 U.S.C. § 1915(b)(2).  And the court order states CDCR "is required to send the Clerk of the Court the initial partial filing fee and thereafter payments from plaintiff's prison trust account each time the amount in the account exceeds $10,00, until the statutory filing fee of $350.00 is paid in full."  ECF No. 7 at 1.  Because the fee in this case has not been paid in full, CDCR's obligation under 28 U.S.C. § 1915(b)(2) and this court's order continues.

Third, the court may exercise its ancillary jurisdiction to resolve collateral issues such as

1  collection of filing fees. Cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 95-96 (1990) ("It is
2  well established that a federal court may consider collateral issues after an action is no longer
3  pending."); K.C. ex. rel. Erica C. v. Torlakson, 762 F.3d 963, 969 (9th Cir. 2014) ("[T]he district
4  court has broad, inherent authority over collateral matters such as attorney's fees, and such
5  ancillary jurisdiction extends beyond dismissal of the underlying lawsuit."); Torres v. O'Quinn,
6  612 F.3d 237, 241 (4th Cir. 2010) ("Because the continuing collection of appellate filing fees is
7  ancillary to this court's original jurisdiction over Torres's appeals, we have jurisdiction to decide
8  this issue." (citing Peacock v. Thomas, 516 U.S. 349, 354 (1996))), abrogated on other grounds
9  by Bruce v. Samuels, 577 U.S. 82 (2016). "Unlike its ancillary jurisdiction to enforce Settlement
10 Agreements, the court's ancillary jurisdiction over [collateral issues] need not have been
11 explicitly 'retained.'" K.C. ex. rel. Erica C., 762 F.3d at 970.

Although the court has jurisdiction to grant plaintiff's requests, it will not do so because plaintiff has not shown that CDCR violated 28 U.S.C. § 1915(b) and/or this court's order. Plaintiff's filing shows CDCR withdrew $20.00 from his trust account for this case on May 1, 2025, but it does not include any information about the credits to plaintiff's trust account for April 2025. ECF No. 19 at 3. Without this information, the court cannot determine whether CDCR violated the court's payment order.

II. Notice Regarding Settlement Agreement (ECF No. 21)

Plaintiff has also filed a notice informing the court that defendants have not made a good faith effort to pay plaintiff the agreed upon amount within 180 days of the execution of the settlement agreement. ECF No. 21. According to plaintiff, the settlement agreement was signed May 13, 2025. Id. at 1.

To the extent plaintiff seeks to enforce the terms of the settlement agreement in this court, he is informed the court lacks jurisdiction to do so.

> [C]ourts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.

3

K.C. ex. rel. Erica C., 762 F.3d at 967; Kokkonen v. Guardian Life. Ins. Co. of America, 511 U.S. 375, 381-82 (1994) (absent a dismissal order "retain[ing] jurisdiction over the settlement contract" or "some independent basis for federal jurisdiction," "enforcement of the settlement agreement is for state courts").

Upon dismissal, the court did not retain jurisdiction to enforce the settlement agreement in this case. As such, if plaintiff wants to enforce the terms of the settlement agreement, he must pursue a breach of contract claim in state court.[1]

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for an order correcting the filing fees (ECF No. 19) is denied.

DATED: November 6, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court also notes that based on its calculation, the 180-day period for payment has not yet expired.